UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ERICK LUNA-HERRERA and MARIO LARA,

        Plaintiffs,

        – against –

PECONIC BAY FENCE CO., LLC and
JOSEPH SMERALDI,

        Defendants.
------------------------------------X

ORDER
15-CV-2753 (JFB)(GRB)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 19 2016 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On May 12, 2015, plaintiffs filed a complaint in this action. On September 9, 2015, plaintiffs served defendants Peconic Bay Fence Co., LLC and Joseph Smeraldi with a copy of the complaint. To date, these defendants have failed to answer or appear in this action. On November 2, 2015, plaintiffs moved for entry of default against defendants Peconic Bay Fence Co., LLC and Joseph Smeraldi, which the Clerk of the Court noted on November 3, 2015. On November 25, 2015, plaintiffs moved for default judgment. By Order dated December 16, 2015, the Court directed the defendants to respond in 14 days as to why a default judgment should not be entered. Plaintiffs served this Order on defendants on December 29, 2015. Defendants did not respond to the Court's order. Accordingly, the Court grants plaintiffs' motion for default judgment.

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir. 1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded.")). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the

damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

IT IS HEREBY ORDERED that plaintiffs' motion for default judgment is granted.

IT IS FURTHER ORDERED that the Court refers this matter to Magistrate Judge Brown for a Report and Recommendation to address the issue of damages and other relief sought by plaintiffs.

IT IS FURTHER ORDERED that counsel for plaintiffs shall serve a copy of this Order on defendants and file an affidavit of service with the Court.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2016
Central Islip, New York