# Report and Recommendation Upon Referral of an Inquest to Magistrate Judge Brown

Case Name and Docket Number:  *Luna-Herrera v. Peconic Bay Fence Co,* **No. 15-CV-2753 (JFB)(GRB).**

Before the undersigned is a referral by the Honorable Joseph F. Bianco on the issue of damages, following the entry of default judgment in favor of plaintiffs Erick Luna-Herrera and Mario Lara ("plaintiffs") against defendants Peconic Bay Fence Co., LLC and Joseph Smeraldi ("defendants")[1].  Order dated January 19, 2016, DE 18.  Plaintiffs filed a complaint on May 12, 2015, which alleges defendants' willful failure (i) to pay overtime violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), (ii) to pay spread of hours pay under New York's Compilation of Codes, Rules and Regulations ("NYCCRR"), and (iii) to comply with notice and record keeping requirements under NYLL.  Compl. ¶¶ 73-92, DE 1.  Plaintiffs have submitted a memorandum of law, an affirmation of Matthew L. Berman and exhibits annexed thereto, including a detailed spreadsheet of the calculation of damages, and sworn affidavits by plaintiffs Luna-Herrera and Lara in support of their request for damages.  DE 13.

**Damages:**

"Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages." *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009).  To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Natale v. Country Ford Ltd.*, No. CV 10-4128 ADS GRB, 2014 WL 4537501, at *4 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)).  The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence alone, "as long as [the court has] ensured that there was a basis for the damages specified in [the] default judgment." *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *see Chen v. JP Standard Construction Corp.,* No. 14-CV-1086 (MKB), 2016 WL 2909966, at *8 (E.D.N.Y. Mar. 18, 2016), *report and recommendation adopted,* 2016 WL 2758272 (E.D.N.Y. May 12, 2016).

Where, as here, defendants have defaulted and have deprived plaintiffs of the necessary employment records and hampered their ability to prove damages, the Court may rely upon plaintiffs' testimony and estimates regarding their employment to calculate damages.  *See Rodriguez* , 784 F. Supp. 2d at 126 ("In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimation of hours worked are presumed to be correct"); *accord Becerra v. Well Maid Cleaning Enterprises, Inc.*, No. CV-14-3147 JFB AYS, 2015 WL 5009274, at *5 (E.D.N.Y. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 7573214 (E.D.N.Y. Nov. 24, 2015).  Plaintiffs' submissions sufficiently document their claims for damages.  *See* DE 13.  Based upon a review of affidavits and other documentary evidence, I find that plaintiffs have established damages in the following amount(s):

☑ **Principal Damages** [DE 13]
    **(a)**     **Plaintiff Erick Luna-Herrera**

---

[1] Plaintiffs have sufficiently alleged that defendants were their employers for purposes of the FLSA and the NYLL.  *See* Compl. ¶¶ 10-19, DE 1.  As such, each defendant is jointly and severally liable under the FLSA and NYLL for any damages award made in plaintiffs' favor.  *See Pineda v. Masonry Construction, Inc.,* 831 F. Supp. 2d 666, 685 (S.D.N.Y. 2011) (allegations that an individual defendant "was an owner, partner, or manager," coupled with his default, was sufficient to quality him as an FLSA and a NYLL employer, and to impose joint and several liability with corporate defendant for wage law violation); *see also Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011).  Accordingly, the undersigned respectfully recommends that defendants be jointly and severally liable for any damages awarded in plaintiffs' favor.

|   |   |   |   |   |
|---|---|---|---|---|
|   | 1. | FLSA Overtime wages: | $ 7,572.50 |   |
|   | 2. | NYLL Overtime wages: | $12,090.00 |   |
|   |    | Total Overtime wages: |   | $ 19,662.50[2] |
|   | 3. | Liquidated damages: |   | $ 13,861.26[3] |
|   |    | **Total Principal Damages:** |   | **$ 33,523.76** |
| **(b)** | **Plaintiff Mario Lara** |   |   |   |
|   | 4. | FLSA Overtime wages: | $16,105.00 |   |
|   | 5. | NYLL Overtime wages: | $16,380.00 |   |
|   |    | Total Overtime wages: |   | $ 32,485.00[4] |
|   | 6. | Liquidated damages: |   | $ 24,295.00[5] |
|   |    | **Total Principal Damages:** |   | **$ 56,780.00** |

**TOTAL DAMAGES:**                                                                                             $  90,303.76

---

[2] The FLSA and the NYLL both require employers to compensate their employees at one and one-half times their regular hourly rate for every hour worked over 40 hours per week. *See* 29 U.S.C. § 207(a)(1); 12 NYCCRR § 142-2.2; *see Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013) (noting that the NYLL largely adopts the same standard as the FLSA with respect to overtime compensation). Courts have held that where the FLSA and common law claims are grounded in the same facts, the FLSA preempts "claims directly covered by the FLSA (such as overtime)." *Hernandez v. NJK Contractors, Inc.,* No. 09-CV-4812 (RER), 2015 WL 1966355, at *50 (E.D.N.Y. May 1, 2015); *see DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 532-33 (E.D.N.Y. 2011); *see also Acevedo v. WorkFit Med. LLC,* No. 14-CV-6221, 2014 WL 4659366, at *14 (W.D.N.Y. Sept. 18, 2014). Thus, the undersigned will apply the NYLL to plaintiffs' overtime claims from the end of their FLSA's three year statute of limitations, *see* 29 U.S.C. § 255(a) (the statute of limitations applicable to a claim for unpaid overtime compensation under the FLSA is two years from the date the claim accrued or three years from such date where, as here, the claim arises from a willful violation), to the end of the NYLL's six year statute of limitations, *see* NYLL §§ 198(3), 663(3). Plaintiff Luna-Herrera submitted a sworn affidavit regarding the recollection and estimation of hours worked, which are presumed correct. DE 13-1, Ex. D. *See Rodriguez*, 784 F. Supp. 2d at 126; *accord Becerra*, 2015 WL 5009274, at *5.

[3] Both the FLSA and NYLL allow for payment of liquidated damages absent a good faith reason that the employer's underpayment was in compliance with the law. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 47-48 (E.D.N.Y. 2015) (under the FLSA an employee is entitled to liquidated damages in an amount equal to the unpaid overtime compensation owed; under the NYLL an employee is entitled to recover 25% of unpaid overtime as liquidated damages, and effective April 9, 2011, an additional 100% of unpaid wages); *see also* 29 U.S.C. § 216(b); NYLL § 198(1-a). Here, defendants have not appeared nor have established good faith to rebut the liquidated damages' presumption. *Id.* Thus, the undersigned assesses the appropriate amount based on the time period in question. Notably, plaintiffs do not seek double recovery of liquidated damages. Berman Aff., ¶ 25, DE 13-1. Accordingly, the undersigned respectfully recommends $7,572.50 in liquidated damages under the FLSA, $1,933.76 in liquidated damages under the NYLL at the 25% rate for unpaid overtime compensation owed before April 9, 2011, and $4,355.00 in liquidated damages at the 100% rate for unpaid wages owed after April 9, 2011 for a total of $13,861.26. *See* DE 13-1 at Ex. F.

[4] Plaintiff Lara submitted a sworn affidavit regarding the recollection and estimation of hours worked, which are presumed correct. DE 13-1, Ex. E. *See Rodriguez*, 784 F. Supp. 2d at 126; *accord Becerra*, 2015 WL 5009274, at *5.

[5] The undersigned respectfully recommends $16,105.00 in liquidated damages under the FLSA, $2,730.00 in liquidated damages under the NYLL at the 25% rate for unpaid overtime compensation owed before April 9, 2011, and $5,460.00 in liquidated damages at the 100% rate for unpaid wages owed after April 9, 2011 for a total of $24,295.00. *See* DE 13-1 at Ex. G. *See Fermin*, 93 F. Supp. 3d at 47-48.

Accordingly, based on the foregoing, the undersigned respectfully recommends that the Court award principal damages:  (a) to plaintiff Luna-Herrera in the amount of $33,523.76, and (b) to plaintiff Lara in the amount of $56,780.00, for a total damages award in the amount of $90,303.76.

**Plaintiffs' Other Damages' Requests:**

1. **NYLL Spread of Hours***:*

Under the NYLL, an employee must "receive one hour's pay at the basic minimum hourly wage rate" in addition to the regular minimum wage for each workday "in which the spread of hours exceeds 10 hours.  12 NYCCRR § 142-3.4(a).  An award for "spread of hours" pay for non-restaurant or hotel workers, however, is appropriate only when the employee is paid minimum wage.  *See Chowdhury v. Hamza Exp. Food Corp.,* No. 14-CV-150 (JBW), 2015 WL 5541767, at *6 (E.D.N.Y. Aug. 21, 2015), *report and recommendation adopted,* 2015 WL 5559873 (E.D.N.Y. Sept. 17, 2015) (employees making in excess of minimum wage are not entitled to spread of hours payments); *Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC,* No. 12-CV-5737 (ILG)(JMA), 2014 WL 4954629, at *5 (E.D.N.Y. Oct. 2, 2014) (based on the plain language of the spread of hour statute, only employees making minimum wage are entitled to spread of hours compensation); *see Williams v. Tri-State Biodiesel, L.L.C.,* No. 13 Civ. 5041 (GWG), 2015 WL 305362 (S.D.N.Y. Jan. 23, 2015) ("recent case law has been nearly unanimous that the spread-of-hours requirement extends only to workers paid at the minimum wage level") (collecting cases).  Here, plaintiff Luna-Herrera seeks spread of hour compensation from May 2009 through 2013 and claims he was paid an hourly rate of $15.00 in 2009, $17.00 in 2011 and $18.00 in 2013.  DE 13-1, Ex. F.  Plaintiff Lara seeks spread of hour compensation from May 2009 through 2014 and claims he was paid an hourly rate of $22.00 throughout his employment with defendants.  During the period of plaintiffs' employment, the New York statutory minimum wage was $7.15 per hour from January 1, 2007 to July 23, 2009; $7.25 per hour from July 24, 2009 to December 30, 2013; and $8.00 per hour from December 31, 2013 to December 30, 2014.  12 NYCCRR § 142-3.1(a).  Inasmuch as plaintiffs were paid above the minimum wage during their employment with defendants, they are not entitled to an award of spread of hours pay.  Accordingly, the undersigned respectfully recommends that plaintiffs' be denied an award of spread of hours pay.

2. **Pre-judgment Interest***:*

"While pre-judgment interest may not be awarded in addition to liquidated damages for violations of the FLSA, . . . the Second Circuit has awarded pre-judgment interest for violations of state wage laws." *Hernandez v. NJK Contractors, Inc.,* No. 09-CV-4812 (RER), 2015 WL 1966355, at *50 (E.D.N.Y. May 1, 2015) (citations omitted); *see Fermin*, 93 F. Supp. 3d at 48 (explaining that "FLSA liquidated damages are meant to be compensatory and not punitive" and thus there is "no need to employ pre-judgment interest to restore [p]laintiffs to a position they would have otherwise enjoyed absent wage-protection violation"); *Santillan v. Henao,* 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011) (explaining that "liquidated damages under the [NYLL] constitute a penalty to deter an employer's willful withholding of wages due").  Pre-judgment interest is calculated at a rate of nine percent per annum on unpaid wages, including unpaid overtime, and excludes the amount of liquidated damages.  *See* N.Y.C.P.L.R. §§ 5001, 5004 (statutory rate of interest is at a rate of nine percent per annum); *see Zurita v. High Definition Fitness Center, Inc.,* 13 CV 4394 CBA RML, 2016 WL 3636020, at *9 (E.D.N.Y. June 29, 2016), *report and recommendation adopted,* 2016 WL3619527 (E.D.N.Y. June 9, 2016) (although the NYLL permits an award of both liquidated damages and pre-judgment interest, "[p]re-judgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law"); *see also Maldonado v. La Nueva Rampa, Inc.,* No. 10 Civ. 8195 (LLD)(JLC), 2012 WL 1669341, at *10 (S.D.N.Y. May 14, 2012) (explaining that employees are entitled to pre-judgment interest only as to their unpaid wages "for which liquidated damages pursuant to the FLSA were not assessed").  Plaintiffs are

therefore entitled to recover pre-judgment interest on their compensatory damages that arise solely under the NYLL prior to May 12, 2012.[6]

Courts have "wide discretion determining a reasonable date from which to award pre-judgment interest," *Conway v. Icahn & Co.,* 16 F.3d 504, 512 (2d Cir. 1994), and pre-judgment interest is calculated using the simple rate, not a compound rate, *see Gortat v. Capala Bros.,* 949 F. Supp. 2d 374, 386 (E.D.N.Y. 2013). Where, as here, unpaid overtime wages were incurred at various periods of time, courts may calculate pre-judgment interest from a single reasonable intermediate date. *See* N.Y.C.P.L.R. § 5001(b); *see also Fermin*, 93 F. Supp. 3d at 49 (applying the reasonable intermediate approach where damages were incurred over a period of time and calculating pre-judgment interest from a singular, midpoint date of plaintiff's employment through the date judgment is entered). The "midpoint of plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest." *Zurita* , 2016 WL 3636020, at *9 (citations omitted). Although plaintiffs have not provided the specific start and end dates of their employment, based on the Complaint, affirmations and damages charts submitted, the approximate midpoint date for plaintiff Luna-Herrera's employment is May 1, 2011, and the approximate midpoint date for plaintiff Lara's employment is May 1, 2012. Accordingly, the undersigned respectfully recommends that plaintiff Luna-Herrera be awarded pre-judgment interest on his unpaid overtime damages of $12,090.00 under the NYLL, calculated at a rate of nine percent annum from May 1, 2011 to the date that judgment is entered. The undersigned further recommends that plaintiff Lara be awarded pre-judgment interest on his unpaid overtime damages of $16,380.00 under the NYLL, calculated at a rate of nine percent annum from May 1, 2012 to the date that judgment is entered.

3. **Attorneys' Fees and Costs**

Both the FLSA and the NYLL provide for the recovery of reasonable attorneys' fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b); NYLL § 663(1). Here, plaintiffs' request leave to make a motion for attorneys' fees and costs. *See* Berman Aff., ¶ 28. Accordingly, the undersigned respectfully recommends that plaintiffs be granted leave to make such a motion.

## *Objections*

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown                                                                                           August 12, 2016

GARY R. BROWN, United States Magistrate Judge                                   Date

---

[6] As noted above, the statute of limitations for FLSA claims involving willful violations is three years and six years under the NYLL. The Complaint here was filed on May 12, 2015.

DEFAULT JUDGMENT REPORT AND RECOMMENDATION|           PAGE | 4
MAGISTRATE JUDGE BROWN