F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  SEP 07 2016  ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERICK LUNA-HERRERA and MARIO LARA,
*individually and on behalf of all others similarly situated,*

                        Plaintiffs,

     -against-

PECONIC BAY FENCE CO., LLC and JOSEPH
SMERALDI,

                        Defendants.
----------------------------------------------------------------X

ORDER
15-CV-2753 (JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Brown recommending that the Court award principal damages: (a) to plaintiff Erick Luna-Herrera in the amount of $33,523.76, and (b) to plaintiff Mario Lara in the amount of $56,780.00, for a total damages award in the amount of $90,303.76. The R&R further recommended that plaintiff Luna-Herrera be awarded pre-judgment interest on his unpaid overtime damages of $12,090.00 under the New York Labor Law ("NYLL"), calculated at a rate of nine percent per annum from May 1, 2011 to the date that judgment is entered, and that plaintiff Lara be awarded pre-judgment interest on his unpaid overtime damages of $16,380.00 under the NYLL, calculated at a rate of nine percent per annum from May 1, 2012 to the date that judgment is entered. Magistrate Judge Brown also recommended that plaintiffs be granted leave to move for attorneys' fees and costs. Finally, the R&R also recommended that plaintiffs be denied spread of hours pay.

The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated August 12, 2016, at 4.) The date for filing any objections has since expired, and neither party has filed any objection to the R&R. For the reasons set forth

below, the Court adopts the thorough and well-reasoned R&R in its entirety, and awards (a) plaintiff Luna-Herrera damages in the amount of $33,523.76, plus pre-judgment interest on his unpaid NYLL overtime damages of $12,090.00, calculated at a rate of nine percent per annum from May 1, 2011 to the date that judgment is entered and (b) plaintiff Mario Lara damages in the amount of $56,780.00, plus pre-judgment interest on his unpaid NYLL overtime damages of $16,380.00, calculated at a rate of nine percent per annum from May 1, 2012 to the date that judgment is entered. Plaintiffs are also granted leave to move for attorneys' fees and costs.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although both parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the

R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that defendants, Peconic Bay Fence Co., LLC and Joseph Smeraldi, are jointly and severally liable for damages in the following amounts: (a) principal damages of $33,523.76 for plaintiff Luna-Herrera, plus pre-judgment interest on his unpaid NYLL overtime damages of $12,090.00, calculated at a rate of nine percent per annum from May 1, 2011 to the date that judgment is entered and (b) principal damages of $56,780.00 for plaintiff Lara, plus pre-judgment interest on his unpaid NYLL overtime damages of $16,380.00, calculated at a rate of nine percent per annum from May 1, 2012 to the date that judgment is entered. IT IS FURTHER ORDERED that, if plaintiffs intend to file a motion for attorneys' fees and costs, they shall submit a letter to the Court no later than thirty (30) days from the date of this Order, requesting a briefing schedule for said motion.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: September 7, 2016
Central Islip, New York